# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN ROBERT SCHULTZ, #369821 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-12-3664 |
| WARDEN DEHAVEN, et al. | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is a Motion for Summary Judgment filed on behalf of Defendants Rachel Finn, R.N., Fadi Saikali, M.D., and Meindart Smith, M.D.[1] ECF No. 21. Plaintiff opposes the Motion. ECF No. 23. The Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted.

**Background**

Plaintiff John Robert Schultz ("Schultz"), an insulin dependent diabetic, alleges that while he was detained at the Harford County Detention Center, where he arrived January 21, 2009, and remained for 29 months, medical staff never checked his hemoglobin. He asserts that his blood sugar rose "above 200"[2] every day, but medical staff never raised his insulin levels in an attempt to control it, instead keeping him on 17 units of Lantis[3] during his entire stay. Schultz

---

[1] Previously, this Court granted a Motion to Dismiss filed on behalf of Defendant ConMed and a Motion for Summary Judgment filed on behalf of Warden DeHaven. ECF Nos. 19 and 20.

[2] Schultz does not explain what a normal blood sugar level is or why this level is unacceptable.

[3] Lantis is a type of insulin. See diabetes.emedtv.com/lantus/lantus-insulin.html.

further claims the long-term exposure to uncontrolled diabetes led to neuropathy in his feet and an inability to control his bowels and bladder. ECF No. 1 at p. 3.

Defendants assert, through the affidavit of Dr. Michael Koch, that any resulting injury to Schultz as a result of his diabetes came about as a result of his non-compliance with instructions provided by medical staff and in any event would have occurred as a normal progression of the disease. ECF No. 21 at Ex. 1, p. 2. Schultz refused to follow the diabetic diet prescribed for him throughout his incarceration at the detention center and, instead, demanded and received a regular diet. His failure to adhere to a medical diet contributed to the complications Schultz alleges he has suffered. Id. Additionally, Schultz refused to have his blood sugar checked by medical personnel on twelve occasions. Defendants assert failure to have blood sugar monitored on a regular basis also contributes to the development of diabetes-related complications. Id. at p. 3. Dr. Koch concludes that the complaints raised by Schultz are "a normal progression of someone with long-term diabetes, particularly in a noncompliant patient" such as Schultz. Id.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

2

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The constitutional protections afforded a pre-trial detainee[4] as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)); see also Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) (pre-trial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right, both require more than de minimus injury).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173

---

[4] Schultz was presumably a pre-trial detainee during the time frame covered by the Complaint. Even if he remained at the detention center after his conviction, the legal analysis of his claims remain the same.

(1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." De'Lonta, 330 F.3d at 633 (citing Wilson v. Seiter, 501 U.S. 294, 297 (1991)). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff members were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. See Farmer, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." Rich v. Bruce, 129 F.3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" Brice v. Va. Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995) (quoting Farmer 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." See Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the

4

risk the defendant actually knew at the time.  See Brown v. Harris, 240 F.3d 383, 390 (4th Cir. 2000) (citing Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)).

Defendants assert that the proximate cause of Schultz's alleged injury was his non-compliance with the treatment provided for his diabetes.  ECF No. 21.  Schultz states in his Opposition that Defendants have not denied his injury and have simply attempted to make him look bad.  ECF No. 23.  Notably, Schultz does not deny being non-compliant with the prescribed diet, nor does he deny skipping insulin doses.[5]  The mere fact that Schultz may now have complications related to his diabetes does not establish liability on the part of Defendants, particularly where, as here, the complications are a result of Schultz's refusal to cooperate with efforts to manage his diabetes.  There simply is no evidence that the injury alleged was caused by a callous indifference to Schultz's serious medical need.  Thus, Defendants are entitled to summary judgment in their favor.

A separate Order follows.

August 26, 2013                                          /s/
                                                  _____
                                                  George L. Russell, III
                                                  United States District Judge

---

[5] Schultz also sued Division of Correction employees and healthcare providers working in the prison where he is currently incarcerated.  In medical records submitted in that case Schultz related to medical staff that he skips insulin doses and he has continued to refuse to follow a prescribed diet to facilitate better management of his diabetes.  See Schultz v. Webb, et al., Civil Action GLR-12-3613 (D. Md. 2013) at ECF No. 18 at Ex. 1.  While not dispositive in this case, these assertions suggest Schultz fails to act proactively to limit damage caused by his chronic medical condition.

5